IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISON

| | |
|---|---|
| **CHRISTOPHER COBB,** | ) **JURY TRIAL DEMANDED** |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| **CAINE & WEINER COMPANY, INC.,** | ) |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, the Plaintiff, Christopher Cobb, by and through counsel in the above styled cause, and for Plaintiff's Complaint against the Defendant, Caine & Weiner Company, Inc., states as follows:

1. This is an action for actual and statutory damages brought by Christopher Cobb (hereinafter "Plaintiff"), an individual consumer, against Caine & Weiner Company, Inc. (hereinafter "Defendant"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C §1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### I. JURISDICTION AND VENUE

2. Personal jurisdiction exists over Defendant, Caine & Weiner Company, Inc., as the Defendant has the necessary minimum contacts with the State of Alabama and

1

this suit arises out of Defendant's specific conduct with Plaintiff in Alabama. All the actions described in this suit occurred in Alabama.

3. Venue is proper as Defendant, does business in this judicial district.

## II. PARTIES

4. Plaintiff, Christopher Cobb, is a natural person residing in Montgomery, Alabama. For the purposes of the claims asserted herein, Plaintiff is, and at all relevant times was, a "consumer" as explicitly defined by the Fair Debt Collection Practices Act (FDCPA), pursuant to 15 U.S.C. § 1692a(3).

5. Defendant, Caine & Weiner Company, Inc., is a corporation with its principal place of business located at 5805 Sepulveda Blvd FL 4 Sherman Oaks, CA 91411. Defendant's principal business purpose is the collection of defaulted debts, and uses various instruments of interstate commerce to accomplish debt collection, including sending letters, calling on the phone, text messaging, emailing, credit reporting, filing of lawsuits, etc. For the purposes of this action, Defendant is classified as a "debt collector" under the provisions of the FDCPA, specifically 15 U.S.C. § 1692a(6).

## III. FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Defendant is considered a "debt collector" and began engaging in debt collection activities against Plaintiff.

2

8. Under 15 U.S.C. § 1692e(8) debt collectors are prohibited from communicating or threatening to communicate to any person credit information which is known, or which should be known to be false.

9. Under 15 U.S.C. § 1692c(c), once a consumer sends a refusal-to-pay letter to a debt collector, the debt collector is prohibited from continuing collection activities, except to notify the consumer of specific legal actions that will be taken.

10. On or about September 4, 2024, Plaintiff sent a refusal to pay letter to Defendant via certified mail, pursuant to 15 U.S.C. § 1692c(c).

11. The letter stated, "I am having financial difficulties, and I am not going to pay this debt, or any debt I owe you or your client because it is not a priority to my family or me."

12. Plaintiff exercised his right to refuse to pay the debt and requested that Defendant cease all further communication with him regarding the alleged debt owed.

13. The letter was received by Defendant on September 18, 2024, via USPS tracking # 9589071052702000277304.

14. Despite receiving Plaintiff's letter, on or about September 25, 2024, Defendant continued collection activities by reporting the debt as "disputed" to one or more consumer reporting agencies.

15. Defendant had no legal right to furnish false information to the consumer reporting agencies, pursuant to 15 U.S.C. §1692e(8). Furthermore, Plaintiff's letter to Defendant did not contain any statements or language indicating that the account was disputed.

16. Defendant's actions in continuing collection efforts and falsely reporting the debt to consumer reporting agencies constitute unfair means of collection in violation of 15 U.S.C. § 1692f, which prohibits the use of any means that are unfair or unconscionable to collect or attempt to collect a debt.

17. All of the above-described actions by Defendant and collection agents of Defendant were made in violation of the FDCPA as alleged below in the Count.

18. Defendant's actions of publishing such inaccurate and incomplete information has severely damaged the personal and credit reputation of Plaintiff, caused denial of credit due to the inaccurate reporting of the debt as disputed, and caused severe humiliation, emotional distress, frustration, and mental anguish.

19. Defendant's conduct was intentional, willful, and in reckless disregard of Plaintiff's rights under the FDCPA. Plaintiff seeks appropriate remedies for these violations under the FDCPA.

## IV. CLAIMS FOR RELIEF
### 1st CLAIM FOR RELIEF
**Violation of 15 U.S.C. § 1692e(8): False and Misleading Representations**

20. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

21. Defendant violated 15 U.S.C. § 1692e(8) by falsely reporting the debt to the consumer reporting agencies as "disputed."

22. As a direct and proximate result of Defendant's actions, Plaintiff has suffered actual damages, including harm to his creditworthiness, reputational damage, and emotional distress.

23. Plaintiff is entitled to actual damages, statutory damages, and attorney's fees under 15 U.S.C. § 1692k.

## 2nd CLAIM FOR RELIEF
### Violation of 15 U.S.C. § 1692c(c): Communication After Refusal to Pay

24. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

25. Defendant violated 15 U.S.C. § 1692c(c) by continuing collection efforts after Plaintiff had properly invoked his right to refuse payment. This includes Defendant's false reporting to consumer reporting agencies.

26. Plaintiff is entitled to actual damages, statutory damages, and attorney's fees under 15 U.S.C. § 1692k for Defendant's unlawful conduct.

## THIRD CLAIM FOR RELIEF
### Violation of 15 U.S.C. § 1692e(2)(A): Misrepresentation of Debt Status

27. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

28. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the legal status of the Debt by falsely reporting it as "disputed," which misled third-party consumer reporting agencies and affected Plaintiff's creditworthiness.

29. Plaintiff is entitled to actual damages, statutory damages, and attorney's fees as provided under 15 U.S.C. § 1692k.

## V.  JURY DEMAND AND PRAYER FOR RELIEF

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Defendant for all damages allowable, costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

**Respectfully submitted this the 17th day of June 2025.**

                                      **/s/ Noelle Sillmon**
                                      **NOELLE SILLMON**
                                      **Counsel for the Plaintiff**
                                      **Alabama Bar No.: 4074Y61Q**
                                      **Legally Noelle Services, LLC.**
                                      **P.O. Box 242141**
                                      **Montgomery, AL 36124**
                                      **(334) 513-1710**
                                      **legally.noelle@gmail.com**